IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| HEATHER JACKSON, <br><br> Plaintiff, <br><br> vs. <br><br> SAFECO INSURANCE COMPANY OF ILLINOIS and DOES 1–10, <br><br> Defendants. | CV 14–162–M–DWM <br><br><br> ORDER |

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) and the Court's Scheduling Order, (Doc. 12), Defendant Safeco Insurance Company of Illinois ("Safeco") has filed a motion objecting to Plaintiff Heather Jackson's expert disclosure of Andrea Simmerman. (Doc. 24.) For the reasons stated below, the motion is denied. Because the parties are familiar with the factual and procedural background of this case, it is restated here only as necessary to explain the order.

Safeco seeks to exclude the testimony of Ms. Simmerman, a Certified Public Accountant hired by Jackson to "determine the income Ms. Jackson procured from the operation of [her] coffee shop," Java Swing. (Doc. 25-2 at 1.) Safeco argues Ms. Simmerman's testimony should be excluded under Federal Rule of Evidence

702 because (1) her proposed testimony is not expert in nature and (2) she does not have a proper foundation to support her opinions.

Under Rule 702, a qualified expert may testify if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Expert testimony is admissible under Rule 702 if it is "both relevant and reliable." *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014). Expert testimony is relevant or helpful "if it concerns matters beyond the common knowledge of the average layperson and is not misleading." *Moses v. Payne*, 555 F.3d 742, 756 (9th Cir. 2008); *see also Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1184 (9th Cir. 2002) ("Whether testimony is helpful within the meaning of Rule 702 is in essence a relevancy inquiry."). Expert testimony is reliable if it "has a reliable basis in the knowledge and experience of the relevant discipline." *Estate of Barabin*, 740 F.3d at 463 (internal quotation marks omitted). The concern is "not [with] the correctness of the expert's conclusions but the soundness of his methodology." *Id.* (internal quotation marks omitted).

In her report, Ms. Simmerman explains that "[a]lthough Ms. Jackson did not

report a wage received from her corporation, Ms. Jackson did take distributions from the corporation in lieu of a salary." (Doc. 25-2 at 1.) To determine Jackson's income, therefore, Ms. Simmerman "performed an analysis of the draws or distributions taken from the corporation," and "per [her] analysis, the total income Ms. Jackson received from Java Swing in 2012 and 2013 was $25,140 and $26,640 respectively." (*Id.*) Ms. Simmerman concludes that she "trust[s] this provides the income for Ms. Jackson received from Java Swing in 2012 and 2013." (*Id.*) Safeco insists that Ms. Simmerman's proposed testimony is not expert in nature because she "simply looked at Java Swing's bank statements and added up the lines that had been highlighted by [Jackson]." (Doc. 24 at 4.) Safeco argues that "[t]his does not require any special education, training or skill. The jury can reach the same conclusion based on [Jackson's] testimony about the bank statements." (*Id.*)

Ms. Simmerman's proposed testimony is helpful to the jury for two reasons. First, Ms. Simmerman reviewed all of the bank statements for the corporation for two years and, per her discussions with Jackson, calculated the total personal expenditures, which she opines constitutes income. It is unreasonable to expect the jury to perform the same analysis, and Rule 702 does not require that expert testimony be based on more than simple arithmetic. *See WWP, Inc. v. Wounded*

*Warriors Family Support, Inc.*, 628 F.3d 1032, 1040 (8th Cir. 2011) ("There is not . . . an implicit requirement in Fed. R. Evid. 702 for the proffered expert to make ***complicated*** mathematical calculations."). Second, it is Ms. Simmerman's opinion that although Jackson did not report a wage, she nevertheless earned an income, which amounted to the distributions she took from the corporation for personal purposes. Safeco has repeatedly denied that Jackson suffered lost income because she did not earn an income from Java Swing. (Doc. 25-1 at 2–3, 5–7.) Ms. Simmerman's opinion that Jackson did earn an income by virtue of commingling funds in the account of her S corporation would therefore be helpful to the jury in deciding this issue of fact. Ms. Simmerman's opinion conflicts with the opinion of Safeco's expert who has examined the same records and concluded that "Ms. Jackson has not provided any current information to substantiate her personal income at the time the accident took place" and that Java Swing "was not paying a salary to Ms. Jackson and was not generating sufficient income to generate any distributions to Ms. Jackson as its owner." (Doc. 26-1 at 3.) But the fact that two Certified Public Accountants have reviewed the same records and formed opposing opinions as to Jackson's income shows that Ms. Simmerman's testimony "concerns matters beyond the common knowledge of the average layperson." *Moses*, 555 F.3d at 756. Ms. Simmerman's testimony is therefore relevant.

In her report, Ms. Simmerman explains that she "did not audit or verify the underlying transactions or view actual receipts" and that her "analysis was only of the bank statements for the periods mentioned and provided and relying upon highlighted transactions indicating they were of a personal nature." (Doc. 25-2 at 1.) According to Safeco, because Ms. Simmerman did not perform an audit, her opinion is "of such little weight that it would not assist the jury in reaching a sound verdict and should be excluded." (Doc. 24 at 5.)

Ms. Simmerman's testimony is based on a sufficient foundation. Safeco does not argue that the technique used by Ms. Simmerman to make her calculations is unsound. Instead, Safeco takes issue with the fact that Ms. Simmerman did not audit or verify the underlying transactions. However, if the methodology used by the expert is sound, the basis for the opinion affects the weight, not the admissibility, of the opinion. *Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 814 (9th Cir. 2014). As discussed above, Ms. Simmerman's opinion is not of such little weight that it is unhelpful. Moreover, it was acceptable for Ms. Simmerman to rely on the records and financial information that were provided. *See WWP, Inc.*, 628 F.3d at 1040 ("Forensic accountants routinely rely, surely to no one's surprise, on the books and records and financial information . . . provided." (internal quotation marks omitted)). Ms.

Simmerman's testimony is therefore reliable.

Accordingly, IT IS ORDERED that Defendant's motion (Doc. 24) is DENIED.

DATED this 2nd day of April, 2015.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT